United States District Court
For the Northern District of California

1
2
3
4
5                IN  THE  UNITED  STATES  DISTRICT  COURT

6            FOR  THE  NORTHERN  DISTRICT  OF  CALIFORNIA

7

8   GREGORY J. LAROCHE,                        No. C 05-4760 CW

9           Plaintiff,                         ORDER GRANTING
                                               PLAINTIFF'S
10      v.                                     MOTION TO
                                               CONTINUE SUMMARY
11   U.S. SECURITIES AND EXCHANGE              JUDGMENT
     COMMISSION,                               PROCEEDINGS
12
            Defendant.
13
     _____/
14

15

16      Plaintiff Gregory LaRoche moves pursuant to Federal Rule of

17   Civil Procedure 56(f) for a continuance of summary judgment

18   proceedings.  Defendant United States Securities and Exchange

19   Commission opposes the motion.  The matter was taken under

20   submission on the papers.  Having considered all of the papers

21   filed by the parties, the Court grants Plaintiff's motion.

22                              BACKGROUND

23      In this lawsuit, Plaintiff seeks to obtain certain agency

24   records which he has requested under the Freedom of Information Act

25   (FOIA).  Specifically, Plaintiff seeks an electronic version of

26   data fields from records of Uniform Broker-Dealer Applications

27   ("Forms BD"), which are submitted electronically by Broker-Dealers

28   to Defendant.  Form BD information is collected in the Central

Registration Depository (WebCRD), a proprietary system of the National Association of Securities Dealers, Inc. (NASD).  Plaintiff also challenges the adequacy of Defendant's search in response to a subsequent FOIA request for documents pertaining to any arrangement between Defendant and NASD.

Prior to their summary judgment briefing, the parties agreed that "no discovery is necessary at this time to fully resolve the issues in this case, while fully reserving the right to request limited discovery in the event that any unanticipated significant new information is presented in the parties' respective Cross Motions for Summary Judgment in this action."  March 17, 2006 Joint Case Management Statement at 3.  Plaintiff filed a motion for summary judgment on March 24, 2006, and Defendant filed an opposition and cross-motion on April 14, 2006.

In its cross-motion for summary judgment, Defendant stated that it could not provide Plaintiff with the electronic records he seeks because SEC staff does not "have the capability to manipulate, download or electronically save information from WebCRD" and can "only print the entire Form BD from WebCRD in hard copy."  Pearsall Decl. ¶¶ 6-7.  A NASD representative declares, "NASD permits free use of Web CRD® by regulators only for regulatory purposes."  Cummings Decl. ¶ 6.  Daniel J. Stotter, counsel for Plaintiff, declares that these statements do not adequately describe "the specific factual nature of the SEC's impediments or limitations to providing these agency records in electronic format."  Stotter Decl. ¶ 3.

With respect to Plaintiff's second FOIA claim, Defendant

maintains that it conducted an adequate search and produced all responsive documents.  In support of this assertion, Celia Winter, SEC FOIA Officer, explained the various offices and divisions that were queried.  Winter Decl. ¶ 8.  She also declares that SEC staff "followed the standard protocol employed by the FOIA Office in search for records at the Commission," including providing a referral memorandum and a copy of Plaintiff's request to each office queried.  _Id._ ¶ 9.  Mr. Stotter declares that Plaintiff requires "additional factual information in order to evaluate the generalized assertions by Defendant SEC as to the 'adequacy' of its search," including the "nature of the search that was undertaken" or the "search terms used by said offices to look for all records responsive to plaintiff's FOIA request."  Stotter Decl. ¶ 5.

In order to address these issues, Plaintiff seeks a sixty-day stay of summary judgment proceedings to allow the following additional fact discovery:

> limited requests for admissions, requests for production, and limited telephonic depositions of Defendant's Declarants, James J. Cummings, Seretha Pearsall, and Celia Winter, solely as to the issues of: (1) the nature of any fact based impediments to providing Plaintiff with the electronic data format he has requested for the SEC Form BD fields sought by Plaintiff's April 6, 2005 FOIA request, and (2) the nature of the SEC's search methods and search terms utilized in responding to Plaintiff's September 29, 2005 FOIA request.

Pl.'s R. 56(f) Mot. at 2.

LEGAL STANDARD

Rule 56(f) provides that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for [summary] judgment or may order a continuance to permit affidavits to be obtained or

3

depositions to be taken or discovery to be had or may make such other order as is just.

This rule should be applied with a spirit of liberality to prevent injustice to the party facing summary judgment.  <u>See</u> 10B Wright & Miller, <u>Fed. Practice & Proc.</u>, § 2740, p. 402 (West 1998); <u>First Chicago Int'l v. United Exchange Co.</u>, 836 F.2d 1375, 1380 (D.C. Cir. 1988).  Parties seeking a continuance must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." <u>State of Cal. v. Campbell</u>, 138 F.3d 772, 779 (9th Cir. 1998); <u>see also</u> <u>Continental Maritime of San Francisco v. Pacific Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO</u>, 817 F.2d 1391, 1395 (9th Cir. 1987) (noting that party seeking a continuance bears the burden to show specific facts it hopes to discover; "mere hope that further evidence may develop" is insufficient).  Denial of a Rule 56(f) application is proper "where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991).

DISCUSSION

The Court finds that Mr. Stotter's declaration is sufficient to support Plaintiff's request for a continuance under Rule 56(f).

With respect to Plaintiff's first FOIA claim, relating to his request for electronic Form BD data, the Pearsall and Cummings Declarations demonstrate ambiguity regarding the reasons (technological or contractual) why Defendant cannot provide

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  Plaintiff with electronic information as requested.  A clearer

2  answer to that question may enable Plaintiff to refute Defendant's

3  assertion in its brief that it does not have access to responsive

4  electronic information.

5      With respect to the second FOIA claim, relating to information

6  about an arrangement between the SEC and NASD, Plaintiff's desire

7  to discover the nature of the search conducted and the terms used

8  is a sufficiently specific request under Rule 56(f).  Defendant's

9  assertion that the Winter Declaration provides "both the nature of

10 the search and the search terms" mischaracterizes that declaration,

11 which did not state which terms were used to search for information

12 responsive to Plaintiff's request.  Information about the search is

13 essential to opposing Defendant's motion for summary judgment.

14     The fact that Plaintiff previously believed that he had all

15 the necessary information to proceed to summary judgment does not

16 preclude his current position, having received Defendant's cross-

17 motion, that discovery is needed.

18                            CONCLUSION

19     For the foregoing reasons, Plaintiff's motion for a sixty-day

20 continuance is GRANTED (Docket No. 27).  Plaintiff's opposition to

21 Defendant's motion for summary judgment shall be due on September

22 1, 2006, and Defendant may file any reply one week later.  The

23 Court will take the matters under submission on the papers.

24     IT IS SO ORDERED.

25 Dated: 6/29/06

26                              CLAUDIA WILKEN
                                United States District Judge

27

28                                5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California