IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. LAROCHE, | No. C 05-4760 CW |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| Defendant. | |
| _____/ | |

Plaintiff Gregory J. LaRoche moves for summary judgment on his claims that the Securities and Exchange Commission (SEC) has violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 706, and his claim for relief under the Declaratory Judgment Act (DJA), 28 U.S.C. §2201. Defendant opposes this motion and cross-moves for summary judgment. The matter was decided on the papers. Having

considered all of the papers filed by the parties, the Court denies Plaintiff's motion and grants Defendant's cross-motion.

## BACKGROUND

This dispute stems from two separate FOIA requests filed by Plaintiff with the SEC. Both requests were related to information filed on the Uniform Application for Broker-Dealer Registration (Form BD). The Form BD is used by the SEC, the National Association of Securities Dealers, Inc. (NASD), and individual States. A broker-dealer must file a Form BD with the SEC in order to begin business. Pursuant to a Memorandum of Understanding (MOU) between the SEC and the NASD, broker-dealers file Form BD electronically through the internet-based Central Registration Depository (WebCRD), an electronic database owned and operated by the NASD.

On April 6, 2005, LaRoche filed a FOIA request with the SEC seeking an electronic document including information from fifteen data fields from Forms BD. The SEC issued its final determination on the request on June 10, 2005. The agency provided the electronic data for eight of the fifteen fields and offered to provide the remaining information in hard copy. In the alternative, the agency recommended that LaRoche contact the NASD directly regarding his needs. LaRoche appealed the determination on June 24, 2005. The SEC denied the appeal on September 23, 2005, noting that LaRoche had declined to accept the eight fields of information available in electronic format, and reminding him that the remaining information is publicly available in hard copy through the SEC's Public Reference Room.

2

On September 29, 2005, LaRoche sent a second FOIA request, seeking documents discussing the SEC's ability to access electronic Form BD data filed on WebCRD, contracts or agreements between the SEC and the NASD regarding the SEC's access to electronic Form BD data, and any other document or record regarding the SEC's ability to access electronic data filed with NASD, including communications between the SEC and the NASD. After consulting with SEC staff, the agency provided three documents to LaRoche on January 27, 2006.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the

3

outcome of the case.  The substantive law will identify which facts are material.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a <u>prima facie</u> showing in support of its position on that issue.  <u>UA Local 343 v. Nor-Cal Plumbing, Inc.</u>, 48 F.3d 1465, 1471 (9th Cir. 1994).  That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue.  <u>Id.</u>; <u>see also</u> <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1264-65 (5th Cir. 1991).  Once it has done so, the non-moving party must set forth specific facts controverting the moving party's <u>prima facie</u> case.  <u>UA Local 343</u>, 48 F.3d at 1471.  The non-moving party's "burden of contradicting [the moving party's] evidence is not negligible."  <u>Id.</u>  This standard does not change merely because resolution of the relevant issue is "highly fact specific."  <u>Id.</u>  Both parties agree that FOIA suits should be resolved on motions for summary judgment.  <u>Miscavige v. IRS</u>, 2 F.3d 366, 369 (11th Cir. 1993).

## DISCUSSION

To succeed on summary judgment, an agency claiming to have discharged its FOIA disclosure requirements must show, viewing the facts in the light most favorable to the requester, that the agency has conducted a "search reasonably calculated to uncover all relevant documents."  <u>Steinberg v. U. S. Dept. of Justice</u>, 23 F.3d 548, 551 (D.C. Cir. 1994).  The question is not whether there might

exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. Id. In determining whether the agency has met its burden of establishing an adequate search, "the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched. However, if a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials, summary judgment is inappropriate." Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotations and citations omitted).

I.   April 6, 2005 Request for Electronic Data

Plaintiff LaRoche argues that the information filed on Form BD is an SEC agency record, subject to the FOIA, and that the SEC must therefore provide the data to him in electronic form. The SEC does not dispute that the information filed on Form BD is an agency record and subject to the FOIA. Rather, the SEC contends that it does not maintain all of the data in electronic format, and that it cannot therefore be required to produce that data in electronic format.

The Supreme Court has held that "only the Federal Records Act, and not the FOIA, requires an agency to actually create records, even though the agency's failure to do so deprives the public of information which might have otherwise been available to it." Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 151 (1980) (internal citation omitted). Therefore, courts have

5

United States District Court
For the Northern District of California

noted that "[i]t is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request [and therefore, a] requester is entitled only to records that an agency has in fact chosen to create and retain." Yeager v. Drug Enforcement Admin., 678 F.2d 315, 321 (D.C. Cir. 1982) (citing NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 161-62 (1975)).

With respect to form, FOIA requires that agencies must provide documents in "any form or format requested . . . if the record is readily reproducible in that form or format." 5 U.S.C. § 552(a)(3)(B). Although Plaintiff demonstrates the SEC's undisputed ability to access much of the information in the WebCRD, it is unable to rebut the SEC's assertion that it can only see that information for one broker at a time, making it impossible to create the type of searchable electronic document that Plaintiff seeks. Plaintiff further suggests that there are no legal or technological impediments to the SEC ordering an ad hoc report from the NASD containing the fields of information requested. However, the SEC is not obliged to create records which it does not already have.

The SEC has presented evidence that it does not have access to all of the data that Plaintiff requests in electronic format. Further, it has demonstrated that it cannot readily reproduce in electronic format the fields of data that are not already available electronically. Declarations and deposition testimony establish that the SEC could scan the hard copies to make them electronic files; however, Plaintiff has not established that those electronic files would meet his request. The SEC states that the only other

way to create a searchable electronic file would be for an SEC staff member to cut and paste each cell of data from the individual electronic records into another document for Plaintiff. Accordingly, the Court finds that Plaintiff's requested format is not readily available.

It is undisputed that the SEC has offered Plaintiff all of the information requested and has failed only to provide that information in the format requested.  Further, Plaintiff has not demonstrated that the SEC has ever gathered the requested information in his desired format.  Compare TPS, Inc. v. U.S. Dept. of Defense, 330 F.3d 1191, 1196-97 (9th Cir. 2003) (holding that under Department of Defense regulations, agency was required to produce zipped files where technical capability was not at issue and agency regularly reproduced data in zipped format).

Because the information is not readily reproducible in the format Plaintiff requests, the Court finds that the SEC has not violated the FOIA.  Therefore, the Court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion with respect to Plaintiff's April 6, 2005 FOIA request.

II. September 29, 2005 Request for Information Related to Communications Between the SEC and the NASD Regarding the WebCRD

LaRoche also argues that the SEC failed to meet its burden of presenting evidence demonstrating the adequacy of its search for records related to his second FOIA request.  However, the SEC has provided evidence that it requested relevant information from each of the appropriate departments and that it provided Plaintiff's full request to those departments for purposes of structuring the

7

search.  Plaintiff has not rebutted this evidence.

Plaintiff relies on this Court's order granting his Rule 56(f) motion as evidence that Defendant has not produced sufficient evidence to establish the adequacy of its search.  However, the Court granted the Rule 56(f) continuance to allow Plaintiff to produce evidence to oppose Defendant's motion, evidence that Plaintiff has been unable find.  Here, unlike cases where courts have found that an agency's evidence regarding the adequacy of its search has been rebutted by a plaintiff's evidence, there are no specific allegations of departments that should have been searched, methods that would have produced additional materials or examples of documents that should have been but were not produced.  Compare Duenas Iturralde v. Comptroller of the Currency, 315 F.3d 311, 315 (D.C. Cir. 2003) (considering whether agency "failed to search particular offices or files where the document might well have been found," "failed or refused to interview government officials for whom there was strong evidence that they might have been helpful in finding the missing documents," or "ignored indications in documents found in its initial search that there were additional responsive documents elsewhere"); Valencia-Lucina, 180 F.3d at 327 (citing "positive indications of overlooked materials").

The Court finds that Plaintiff has not rebutted the SEC's evidence that it conducted a reasonable search.  "[M]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."  Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  The Court denies Plaintiff's motion for summary

8

judgment and grants Defendant's cross-motion for summary judgment with respect to Plaintiff's September 29, 2005 FOIA request.

III. Administrative Procedure Act Claim

In addition to his claims under the FOIA, Plaintiff argues that he is entitled to summary judgment on his claim for relief under the Administrative Procedure Act (APA) based on the SEC's procedural deficiencies in responding to his FOIA requests.[1] However, as the SEC points out, and LaRoche acknowledges, the APA can only provide the basis for relief from agency action where there is no other remedy at law.

FOIA allows plaintiffs to file a motion in a district court, seeking an order compelling the agency to produce documents. See 5 U.S.C. § 552(a)(4)(B) ("[T]he district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."). As other courts have noted, this remedy is identical to any remedy Plaintiff would be able to seek under the APA. See, e.g., Walsh v. U.S. Dept. of Veterans Affairs, 400 F.3d 535, 538 (7th Cir. 2005); Edmonds Inst. v. U.S. Dept. of the Interior, 383 F. Supp. 2d 105, 112, n.10 (D.C. Cir. 2005).

The Court finds that there is no basis for Plaintiff's claim under the APA and therefore denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment with respect to Plaintiff's claim for relief under the APA.

---

[1] The FOIA requires agencies to make final determinations of FOIA requests and appeals within twenty days absent a notification of unusual circumstances. 5 U.S.C. § 552(a)(6).

9

IV. Declaratory Judgment Act Claim

LaRoche further seeks relief under the Declaratory Judgment Act (DJA), stating that he is entitled to declaratory judgment (1) that the SEC violated the FOIA by failing to provide all of the requested records in electronic format pursuant to the April 6, 2005 request, (2) that he is entitled to receive electronic format data in response to that request and similar future requests and (3) that the SEC has violated the FOIA by failing to adhere to the statute's deadlines.  The Court finds that LaRoche has failed to establish that he is entitled to relief on any of the underlying claims, and therefore he cannot be entitled to relief under the DJA.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for summary judgment (Docket No. 15) and GRANTS Defendant's cross-motion for summary judgment (Docket No. 26).  Judgment shall enter accordingly.  Defendant shall recover its costs from Plaintiff.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 10/6/06

CLAUDIA WILKEN
United States District Judge

10